UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
ADAM DAVIS,                               )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )     Civil Action No.    10-0098 (EGS)
                                          )     Document No.        51
FEDERAL BUREAU                            )
OF INVESTIGATION *et al.,*                )
                                          )
          Defendants.                     )
_____   )

MEMORANDUM OPINION

In what remains in this action brought against multiple federal agencies and agency

components under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, defendants have

renewed their motion for summary judgment on the Federal Bureau of Investigation's ("FBI")

and the Department of Justice's ("DOJ") withholding of documents in their entirety and the

Internal Revenue Service's ("IRS") search for responsive records.  *See* Order (Mar. 16, 2011)

(granting in part and denying in part certain defendants' summary judgment motion); Order (Mar.

7, 2011) (granting all other defendants' summary judgment motion).

In his opposition to the instant motion, plaintiff disputes DOJ's alleged failure to produce

(1) "the original of [a] Bond," (2) "[a]ll relevant information about the record of campaign

contributions to George W. Bush and/or the Republican Party in 2000 and 2002," and (3) "[a]ll

relevant records regarding the pursuit of Adam Davis" by the FBI and DOJ from June 15, 2005

through August 14, 2008."  Pl.'s Response in Opp'n to Mot. for Summ. J. [Doc. # 55] at 3-4.

However, the Court has already ruled in favor of DOJ and the FBI on the adequacy of their

respective searches for records responsive to the underlying FOIA request, *see* Mem. Op. (Mar.

16, 2011) [Doc. # 47] at 13-15, which does not include a request for records pertaining to campaign contributions.  *See id.* at 1-2 (describing the request).

Plaintiff has not addressed defendants' arguments relevant to the outstanding issues in this case and, therefore, has conceded them.  *See Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded[.]") (citations omitted).  In any event, the Court finds that the IRS has now demonstrated through the Second Declaration of Anne M. Jensen [Doc. # 51-6] that it performed a reasonably adequate search for responsive records.  *See id*. ¶¶ 3-12; *cf. with* Mem. Op. at 15-16 (questioning whether the search included all filing systems likely to contain responsive records).

As to the segregability of the withheld documents, which the Court must address whether or not contested, the Court initially found that it lacked a sufficient record to review the FBI's withholding of 17 pages in their entirety, *see* Mem. Op. at 6, and DOJ's withholding of documents 2, 3, 4, and 5 maintained by its Criminal Division, *see id*. at 9-11.

<u>DOJ Records</u>

DOJ has now shown through the Declaration of Catherine Gonzalez Gallego [Doc. # 51-5] that it properly applied FOIA exemption 5 to documents 3 and 5, *see id*. ¶ 23, and exemptions 7(D) and 7(E) to documents 2, 3 and 5, *see id* ¶¶ 12-14.  Furthermore, DOJ properly reassessed its application of exemption 2 and released document number 4 to plaintiff after redacting attorney work product under exemption 5 and the name of an FBI Special Agent under exemptions 6 and 7(C).  Gallego Decl. ¶¶ 18, 24, 26; *see* Mem. Op. at 6-8 (approving EOUSA's invocation of exemptions 5 and 7(C)).  DOJ further determined that a nine-page memorandum

referred from EOUSA was a duplicate of document 5 and that the remaining referred records

pertained to third-party individuals "and were deemed non-responsive."  Gallego Decl. ¶ 27.

According to Gallego, the foregoing withheld DOJ documents were reviewed for

segregability, and it was determined that "the only remaining information in the documents

withheld in full was assorted dates and random words [that] if disclosed . . . would have no

meaning." Gallego Decl. ¶ 28.  The Court is satisfied that DOJ released all reasonably segregable

non-exempt information. *See Mays v. Drug Enforcement Admin.*, 234 F.3d 1324, 1327 (D.C. Cir.

2000) (Entire records are exempt from disclosure when it is shown that "the exempt and

nonexempt information are 'inextricably intertwined,' such that the excision of exempt

information would impose significant costs on the agency and produce an edited document with

little informational value.") (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)).

### FBI Records

Similarly, the FBI has now shown through the Declaration of Dennis J. Argall [Doc. # 51-

4] that it properly withheld what it has now determined to be 27 pages in their entirety because

they contained either grand jury material protected under FOIA exemption 3 or third-party

information protected under exemptions 6 and 7(C).  *See* Argall Decl. ¶¶ 5-9.  In addition, the

FBI has properly justified withholding 12 pages of grand jury material under exemption 3, *id.* ¶¶

10, 12, and "a photocopy of a picture of several [third-party] individuals" under exemptions 6

and 7(C), *id.* ¶ 11, that were referred from EOUSA.  Argall states that each of the foregoing

documents was "re-reviewed" for segregability and it was determined that "no portion of [the]

document" was segregable because it consisted entirely of the type of information protected from

disclosure by the claimed exemption.  *Id.* ¶¶ 9, 10, 11, 12.

4

For the foregoing reasons, the Court finds that defendants have now satisfied their

disclosure obligations under the FOIA and are entitled to judgment as a matter of law.  A

separate final order accompanies this Memorandum Opinion.


SIGNED:      EMMET G. SULLIVAN

DATE: March 14, 2012                          UNITED STATES DISTRICT JUDGE